, Mark Mayer v. Holiday Inn Club Vacations Incorporated, Mark Mayer v. Holiday Inn Club Vacations Incorporated, 22-11014. And I know we have several people appearing today. Mr. Friedman, you're up first, and I see that you're going to speak for 12 minutes and you've May it please the Court, Robert Friedman for Appellants Tanethia Holden and Mark Mayer. The Fair Credit Reporting Act was enacted to reduce the amount of false information in credit reports. The question in this appeal is whether it nonetheless contains an exception for so-called legally inaccurate credit reporting. It does not. The statute requires furnishers like Holiday Inn Club to investigate any disputed information without limitation and to correct any inaccuracies they find, again, without limitation. And that makes good sense given the aims of the FCRA. Inaccurate credit reporting, whether it can be described as legal or factual, harms both consumers by making it more difficult for them to obtain the next loan and creditors by misleadingly deterring them from entering into a transaction with a consumer who is actually creditworthy. Holiday Inn Club nonetheless urges this Court to draw a line between so-called legal and factual inaccuracies out of concern that the difficulties of investigating the legal accuracy of reported information would be too great. But to the extent those concerns about burden are legitimate, and at least as to furnishers like Holiday Inn Club, they are not, the statute accommodates them elsewhere. Nothing in the FCRA allows a consumer to recover damages simply because a furnisher reported information inaccurately. Let's say I agree with you about the distinction between factual and legal disputes. I'll put that aside for the moment. How is this dispute not one, let me back up a little bit, how is it inaccurate what Holiday Inn reported to the credit reporting agency to Experian based on what seems to be a tortured litigation history going on in state court on this very issue? So I think there are two questions built in there. The tortured litigation history might go to how is Holiday Inn Club supposed to get this right. Holiday Inn Club doesn't need to get this right, that's what I was about to say. It only needs to perform a reasonable investigation to avoid liability. And that reasonableness test is flexible and it turns on the identity of the furnisher. Right, but we said that if Holiday Inn didn't get it wrong, there's no liability, right? So that's the second question I was going to get to, which I took a question about why is this inaccurate? And we say in our brief, and we still hold that, or our position is still that we think that should be remanded, but the answer is twofold. There's one reason that applies to both plaintiffs, and that's that paragraph 13 of the purchase agreement says that if the purchaser... Here's the thing, you have a great legal argument. I don't dispute your legal argument. In fact, I don't really want to get into it. I'm not a state court judge anymore, and I don't feel like getting into what the intricacies of your contract are as it relates to the note and the mortgage here. What I do understand though is that there are numerous state courts that have ruled on this very issue. We have those orders, and some have come out, at least one has come out your way in your interpretation, and at least two or three others have come out the other way, and it looks like one has been affirmed per curiam by the 50CA. So where you have that, how is Holiday Inn wrong to say that my legal interpretation is, having looked at this, that this is not the case, and I believe under Florida law that we're right, just as you have your view of what Florida law is. Well, the question of accuracy in this case is going to be a question of law. So you're going to undertake the same inquiry that you would undertake in any diversity jurisdiction case. You're going to assess the contract and make your best prediction of what Florida courts would hold. I don't know that that's true. I don't know that we have to... It doesn't seem to me that we have to decide the exact issue when they say, this debt is a legitimate debt, and there are courts in Florida that have said this is a legitimate debt under the same facts and circumstances. Why would we have to give our own eerie guess to an underlying legal dispute regarding accuracy where the Florida courts have come out one way, and there appears to be some dispute about whether one is legally right or one is legally wrong? So there are two requirements. There are multiple requirements, but two requirements at issue in this case that are important to answering that question. One is the reasonable investigation requirement, and one is the accuracy requirement. I'm not talking about... My questions scrupulously avoided the reasonable investigation requirement. But I think that's... What I'm trying to say is I think that's where your question belongs. I don't agree. Honestly, I don't. I've avoided it. I'm not asking you questions about it. There's a reason why I'm not asking you questions about it. What I am asking you questions about is the accuracy part. And where you have a Florida court that has looked at this very issue, multiple ones, and have come out in very reasoned orders to say you're not right and they're right, how are they wrong to say the debt is still owed? Okay. I'll try and answer it a different way. If you look at page two of document 9-15 in That is Ms. Holden's credit report, and we can use that as an example. You'll see on that report the disputed information at issue in this case, and that is that she is $4,000 late in payments, that she missed $4,000 worth of payments. That cannot be both true and not true at the same time, accurate and non-accurate at the same time. The law is the law, and when a court rules on Ms. Holden's debt, that's going to determine the accuracy of that assertion. It doesn't matter that other courts in other cases have said different things. How can you show it to be not accurate or inaccurate? By making the arguments that we've made here today, and those arguments, we think, prove that- You have to win on the paragraph 13 issue in the contract. That's what you're saying. As I was saying, there are, we think, two bases for Ms. Holden and just the paragraph 13 argument for Mr. Meyer, but yes, we have to win on that to prove that there is an inaccuracy. I disagree with you on that, and I find that the majority of the Florida courts have gotten it right in the legal position consistent with how Holiday Inn has seen it, and we would rule against you, correct? In addition to that, we think because there is a bona fide dispute here, Holiday Inn Club also should have at least reported that there's a bona fide dispute, and I point the court to the Fourth Circuit's decision in Saunders. That's not the question I asked. We've now done our eerie guess. We now agree completely with the Florida state courts that have ruled that a debt is not owed here because the note is an independent obligation separate and apart from the purchase agreement, and we've ruled that way. That's not a bona fide dispute at that point. They are right, you're wrong, right? No, that's what I'm trying to say. Here's the problem, counsel. A few minutes ago, and we can play back the recording if you'd like, you said the credit report says this. It is either correct or incorrect. Okay, I understand that framing. I've now done the eerie guess. I think that they're correct and you are not correct, and that has to be it, right? What the Fourth Circuit said in Saunders is this. If you have a bona fide dispute, a consumer who stands on their rights for a legitimate reason, such as an affirmative defense, that consumer is not as uncreditworthy as a consumer who just doesn't pay for arbitrary reasons or because they can't afford it, and that remains true even if they would ultimately lose after a jury trial. It's still misleading to fail to report that they have a bona fide dispute. Now, our position is that this is a bona fide legitimate defense, and so that is why it would continue to be misleading. Now, Judge Luck, you're right. Maybe you would ultimately agree that it's not misleading to just report the information entirely, but that hasn't been decided. Our position is that it would still be misleading. What is a furnisher supposed to do? If it looks at this dispute and it says, okay, from a legal perspective, we think, Holiday Inn thinks this is 70% correct, and maybe 30%, because it's a legal issue, maybe 30% odds that it's wrong. If you look at the statute, it says if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified, then there are three options that the furnisher is going to have to take. Modify the item of information, delete that item of information, or permanently block the reporting of that item of information. What's Holiday Inn supposed to do? If it thinks it's looked at the legal issue, it thinks it is more likely right that she owes the debt, what are you asking Holiday Inn to do? Not delete the information. No. In that scenario, I'm assuming that they conducted a reasonable investigation. What this court's decision in Hinkle said is that to verify, the furnisher needs a sufficient basis. If it had a legitimate basis to say it's 70-30, then in that scenario, so long as it conducted its reasonable investigation, it could verify, and we would lose, even if ultimately that 30% chance. Don't we know that to be the case, given the competing orders? No. In this case, we know that Holiday Inn Club, and this is not briefed, is it? Then let's not talk about it. I was trying to answer your question. I know, but I only want to stick to the complaint and what we have here, not to outside the records stuff. What we do have here are divided state court orders. Divided state court orders, why can't Holiday Inn, based on that, make that call that Judge Branch asked you about? Those orders didn't exist at the time that they reaffirmed Ms. Holden's debt. One did. I thought one did. I thought there were two at the time that that happened. One had come out one way, one had come out the other way. Do I have that wrong? My understanding, and I'm sure my friend here will correct me if it's wrong, but my understanding is that there were orders in Mr. Meyer's case, but that Ms. Holden's debt was confirmed before that point. But again, even if they had the two competing orders, they still failed to report it as a bona fide dispute, and that is itself misleading. How does that help you? In other words, how does that help your client credit-wise? What Saunders says is that credit reporting agencies like Equifax and Experian might treat bona fide disputes differently. TransUnion, in that case, the evidence shows. We have no evidence of that in this case, right? Not in this record, no. But it's not hard to imagine that the next creditor who conducts a thorough examination of the credit report, and they see that the furnisher reported a legitimate dispute, they might say, oh, well, this person might not be as uncreditworthy as a person who just didn't pay at all. So just common sense shows that somebody who's taking it seriously is going to- What standard do you use for legitimate? For a bona fide dispute? Yeah, what standard do you use? Suppose there's malpractice, legal malpractice. There's a legal controversy, and so they decide that the debt is still reported. I'm not- What I'm trying to do is determine whether we get a lawsuit over the quality of the legal analysis if a dispute has to be reported. No, I don't think that you would. Why? A jury issue, I know. So it would have to be a legitimate, non-frivolous reason, and the furnisher could have a sufficient basis, again, to say that there wasn't a bona fide dispute. But I'm concerned about is the law being clear, as simple, you see what I mean? Yes. To stay away from having a jury trial over the quality of reporting, whether or not there's a legal dispute, or whether it even qualifies as a legal dispute. So the line between legal dispute and factual dispute is not clear, and what's clear is just saying that any inaccuracy is actionable. What they're saying is not whether there's inaccuracy, but why there is an inaccuracy, and that's going to lead to more litigation. That's why this came up to this court in Milgram recently, and why it's plagued the lower courts as the CFPB, I'm sure we'll tell you next, and if I can reserve- Why isn't this a Milgram situation? In Milgram, we did not decide whether this legal versus factual inaccuracy, how that plays out. Instead, we said there was a reasonable investigation. Why couldn't we just affirm under that same rationale as Milgram? Reasonable investigation isn't in front of you here, so that's one reason, but I guess accuracy is, as Judge Luck pointed out. But this issue keeps percolating, so we think now is the time to decide it. In addition, the accuracy question wasn't decided by the court, which is why we think it's inaccurate, so we'd ask the court to remand that issue and decide now the accuracy issue. Excuse me, the legal dispute, factual dispute issue. Thank you. All right, Mr. Sandberg, you have five minutes on behalf of the CFPB. May it please the court. The district courts erred in concluding that factual inaccuracies are prerequisite for a claim that a furnisher failed to conduct a reasonable investigation under 1681S2B. Furnishers, entities like Holiday and Club Here, assess the legal validity of debts every day in making billing and collection decisions, and legal inaccuracies can harm consumers just as much as factual ones. I don't know that I disagree with you on that framing, but it seems to me that there's a spectrum of legal dispute. On the one hand, there are legal issues that are clear-cut as day, and you owe a debt, a bankruptcy court has confirmed that you owe that debt, there's an order of the bankruptcy court that says so, not really in dispute, and it's easily verifiable. Then there's the, we're in litigation on this very issue, and there are courts that have come out one way on that same legal issue and courts that have come out another way on that same legal issue. How is that subject to verification? How is that subject to determining whether that is correct or not as a matter of fact? I think the best answer is that the statute refers to inaccuracies. It doesn't refer to like clear ones or obvious ones, and the same point can be made with respect to factual inaccuracies. Except that your brother at the law here has told us that the document in this particular case, and I imagine in most, say so-and-so owes $4,000 to company X. That is either true or not true. It's out of spectrum. It either is or is not, and so if we can't tell, how is that subject to an accuracy determination? I guess a couple points. One is the same point can be made with respect to factual inaccuracies. There are factual questions that are hard to resolve, so this sort of, there seems to be a sense that like legal issues are special in the sense that there are easy ones and hard ones, and that's not the case. Obviously, there are easy and hard factual questions too. The statute does not distinguish along those lines, and I think to return to somewhat a line of argument my friend made, which I know the court might not be a fan of, is that the reasonable investigation prong is where I think some of this gets fleshed out. Legal inaccuracy is, yes, it's inaccurate, right? Whether it's inaccurate or not is sort of an up or down thing, and if the court says it's inaccurate and it's a hard question though, I think there's a concern that it's unfair to furnishers because it almost creates something like strict liability. Inaccuracy has a meaning. We've actually defined it in our case law. How have we defined it? Free from error. Right, so that means that there is a determination of whether something is erroneous or is not erroneous. It can be determined to be erroneous or not. How is a legal dispute that is percolating out there where some courts have said one thing and some courts have said another thing, something that we can determine is free from error? I mean... By the way, I agree with you that facts can be in the same boat. In other words, I agree with you that this fact legal distinction seems to be besides the point, but what is the point, it seems to me, is something verifiable. Can we determine it's error or not? And some factual issues are really impossible for any company to be able to make that call, right? No, I think in our system of law, we treat legal issues rightly or wrongly as if there's an objective right or wrong answer. If you take, for example, jury statements, courts say that something's an inaccurate statement of law with regard to jury instructions. So courts make that decision. It may be a hard decision, but in our system, we treat legal questions as if they have right or wrong answer. There's no doubt that there is a really right or wrong answer, and we will get to one. But what is a furnisher, a company, any person to do when you have some courts who have looked at the exact same legal issue and have said the answer is A, and other courts who've looked at the exact same facts and issue who've said the answer is not A? How is that determinable as a matter of fact, given the state of that law? Well, it's not determinable as a matter of fact. It's determinable as a matter of law because there's no law fact distinction. Right, but how is it determinable, period? As Hinkle said, as my friend said, they make an assessment of whether there's sufficient information to verify. And if they think there is, then they verify. And then if the court, if someone thinks there are... I'm sorry, counsel, but that goes to the reasonableness in the investigation. That doesn't go to the inaccuracy part. The question that we have is, was this an inaccuracy that needed to be reported? It's a threshold issue whether we did enough to be able to determine that it is a separate issue, it seems to me. Hinkle says that you can verify, which is the question, verifying is accurate or inaccurate based on if you have sufficient information. If they have sufficient information, they verify. If it turns out they're wrong, it's not a strict liability system, then they show they conducted a reasonable investigation. And the CFPB is weighing in on this factual versus legal distinction of the district court. The CFPB in this case is not weighing in on whether, on the reasonableness or the accuracy of Holiday Inn's investigation, correct? That's correct. We are just weighing in on that sort of big picture law fact question, not on anything in this particular case. And one quick question. The plaintiffs have cited to a couple of cases suggesting that your brief is entitled to skid more deference. You're not suggesting that, are you? We have not addressed what deference our brief is entitled to. And frankly, our position would be that we're right, so no deference is required. We have not taken a position on that. Ms. Morat? May it please the Court. Allison Morat, Prodi-Appley Holiday Inn Club Vacation. For a viable claim under 1681S2B, a consumer must show two things. First, the consumer must identify an inaccuracy. Second, the consumer must show that a reasonable investigation would have yielded a different result. The plaintiff's lawsuits here fail under both prongs. That is the test that was most recently set forth in Milgram. Can you move that mic a little down? Yes. All right. Is that better? Yeah. Okay. This is because unresolved legal disputes are not actionable inaccuracies under the objective or sets forth an objective standard. Unresolved is doing all the work there, right? In other words, the brief seemed to talk about some line or distinction between legal and factual disputes, and that seems to be, again, either besides the point or kind of irrelevant. In other words, there are legal issues that are clear-cut. In other words, we know that one person is right and one person is wrong because there's been a definitive answer either in that case or in the law, right? I agree with that, Your Honor, and that's what Loesch says. Right. That is what Loesch says. The published opinion from this court is that sometimes a legal issue can be so clearly resolved that it becomes a factual inaccuracy. Well, I don't know that I agree with that framing of it, but sure. Yes. In other words, it doesn't not make it legal just because there's an answer. That doesn't turn it into a fact. Exactly. But the unresolved part is the key here. In other words, if there is truly something that's unresolved, in other words, there is a live dispute between the parties and there's no answer or there's disparate answers that have to be resolved. Right. The question is, does that meet the definition of inaccurate? If there's a live legal dispute, it doesn't meet the definition of inaccurate. I think even the most recent case from the Vistessa decision that was filed, the Supplemental when there's a live legal dispute, and that's what you have here. In Loesch, from this court, you had the issue of a bankruptcy discharge where there was no question. There could be no legitimate question that the debt was discharged in regard to that specific debt. Here you have an unresolved legal dispute that Holiday Inn couldn't objectively. You have to look at the documents that are available to you, available evidence, and you have to look at your own personal knowledge. Holiday Inn looks at the debt. They verify it. There is a note with this borrower. The debt is past due. The borrower, the consumer owes the debt, and there's been no legal adjudication saying that this debt is invalid. Yes, we can verify that this is accurate. Your opposing counsel says that really doesn't matter. Legal issues are either correct or not correct as a matter of law. In other words, there are right answers to legal questions, and all we have to do as you is determine what that right or wrong answer is to determine whether it's inaccurate or not. That requires us to look at paragraph 13, look at the other language in the purchase agreement, compare that to the note, and make a determination like the state courts would. I don't agree with that. I don't think that a furnisher has a duty to adjudicate a legal dispute or to construe, not to construe, but to decide a legal argument. Judges construe written documents. There is a distinction there. We give those issues to judges to construe a contract as we have here. Why is it not the answer that the statute says if there's an unresolved issue that you say that it's not resolved, and there's a mechanism under the statute to determine unresolved issues or indeterminate issues? Because it's not a cognizable inaccuracy, so the duty to investigate doesn't come into play because they've... I don't know that I'm talking about investigating. What the statute seems to say is that there's a few options. It's determined to be inaccurate or not, or it can't be determined, and if it can't be determined, that seems to have its own remedy, right? Right, and so what we're talking about is what do you have to do to verify the debt? Do you have to determine the legal argument, or do you have to verify the debt? And that's what happened here. They verified that there is a note obligation with this consumer that the consumer stopped paying and that the debt is owed. The legal dispute would not come into that verification requirement. At what point here would it be a point when it could be determined whether you were correct or not, or whether the debt was in fact owed or not? Does it require, as Judge Rosenbaum seemed to suggest in her concurring opinion in Milgram, a declaratory judgment in this very action stating that the debt is owed? Is it enough that in one of these parallel cases, a court of appeals weighs in in Florida and says the debt is owed? Does it have to go all the way to the Florida Supreme Court? At what point are we assured where there's the state of the law? Are we assured based on the state of the law? I think that the Rosenbaum concurrence is correct, that the consumer would have a much better claim if they had gone to the court and got a declaratory judgment on this specific debt. However... Counsel, there's no doubt that that would be the best practice, and that's what Judge Rosenbaum was saying, but it can't be that you're required to get an actual final adjudication in your case before determining whether it is something that could be verified or determined or not. That would be objective, available evidence for Holiday Inn to look at and say, we should not be reporting on this, much like a bankruptcy discharge. Wouldn't a DCA opinion in a parallel case be that? No. It's not the same, because you have different facts in different cases. Even these two cases that are consolidated have different facts. They're not completely identical. There may be different defenses. There might be an argument of waiver. I know, Counsel, but if we slice it that thin, if we're at the deli and you're doing it that thin, where it's almost see-through, we could always find something to distinguish something else. That's what great lawyers do. And that puts us in a position where your opposing counsels say, then we truly are at a legal factual dispute, because there can always be a distinguishing fact. You lose me a little bit when you say that if there's a DCA opinion with the same exact contracts that state that the debt is not owed, that that wouldn't be, at least tip the scales, as Judge Branch asked, 70 against you, 30 for you. At that point, are you not required to say, hey, wait a minute, maybe the debt isn't owed right now until we get a final determination in our case? I don't think that that would be the case, because again, there would be different circumstances with each separate debt. I believe that the court picked up on that in the Holden case. If you have 1% doubt as a matter of law, that's enough for you to then report that debt? I think in the situation that you're speaking of, that the existence of that one opinion in a different case with a different borrower would be available evidence that Holiday Inn could look at and incorporate as part of their investigation. How does that play into this case, this dispute? What if there were two DCA opinions? At what point do we start tipping the scale? In your brief, you are drawing a distinction among three things, factual inaccuracies, objectively verifiable legal inaccuracies, and unresolved legal disputes. You have two DCA opinions. Where does that fall, objectively verifiable legal inaccuracy or unresolved legal dispute? To answer your question, if there are two DCA opinions, they would have to be virtually identical to the same loan. Just because you have a similar legal dispute doesn't mean that the two situations are entirely the same. Even then, by that logic, a Florida Supreme Court decision might not answer the question definitively? Not definitively. It would be different than the situation in Loesch, where you have a bankruptcy discharge discharging a specific debt. And I think that this- So as long as you have 1% chance of winning, there's a chance. That's enough for you to report the debt that someone owes you $4,000, even though as a matter of law, you advised your client that you only have a 1% chance of winning, given the state of the law in Florida. Under the FCRA, the duty to verify the debt goes to the things that you can objectively verify. If we're talking about legal issues that we give to a court to decide about construing legal documents and issues that are left for a court, then I think that is something separate. You can still verify the debt is accurate. You would answer my question. So you write your client a memo, and you say, client, I think we're going to lose this. Here's the state of the law. But I think we have a 1% chance of winning based on this distinguishing factor. You're telling me that your client would be okay under that framework, under the FCRA, of reporting the debt as owed to the credit reporting agency? That would be a different case. I understand. But I'm asking the question. Because that's the logical end to the point that- the position that you're taking about there being a legal dispute. It would still be an unresolved legal dispute. So yes, your client could still report the debt and would not be liable under the FCRA. Yes, Your Honor. All right. I have a question regarding the reasonable investigation part of this. What allegations in the complaint indicate that you conduct- your client conducted a reasonable investigation here, such that we could uphold dismissal on that basis? Maybe the answer is none, but I'm curious what your position is. What allegations in the complaint- would indicate that your client conducted a reasonable investigation in this case, such that you would not be liable under the FCRA? So in our response, in the lower court, we've said we've conducted an investigation, verified the accuracy of the debt, don't adjudicate legal disputes. No, that's what you said. But we have the complaint. It's a motion to dismiss. So we have to look at the allegations in the complaint. What in the complaint would indicate that some investigation was done here, consistent with the state of the law as it is right now? I don't know how to answer that question, Your Honor. I would say that the second part of that is that the consumer has the burden to show that a reasonable investigation would have yielded a different result, and we don't have that here. That's missing. So you agree that there are no allegations in the complaint that you did- your client did conduct a reasonable investigation, but your response to that is they still have the additional burden to show that that would have changed the result here. If I understand the question correctly, yes, they have the burden to show that there would be a different result, and there are no allegations that Holiday Inn conducted a reasonable investigation. Yes. We have asked the court to affirm. The district courts look to the unpublished decision in Hunt, but Hunt finds support in other published decisions from this court. It aligns with Loesch. It aligns with Feltz. It aligns with Hinkle, and it relies on the First Circuit's decision in Chang. The decision is very nuanced. It's not a clear fact-law distinction. It's based on unresolved legal disputes. The decisions also find support in the text of the statute. The S-2A, which we're not proceeding under here, but S-2A talks about a furniture cannot report information that is, in fact, inaccurate. You can't ignore that language that is specific to you can't report information that is, in fact, inaccurate. The statute also excludes allegations that solely come from a consumer, so allegations that are subjective and not objective and verifiable through something like a bankruptcy discharge or available evidence or personal knowledge. Then I think that we do parse out the accuracy and the reasonable investigation, but at some point, those two prongs collapse into somewhat of a joint inquiry. You have to have a reasonable investigation, but if there's no inaccuracy, what is the liability? There is an interplay between them, and alternatively, if there's no inaccuracy, what is the liability? In this case, again, I believe the court touched on this. The consumer did not breach the purchase agreement. The note is the obligation that extended the credit. The default on the note is what triggered the reporting, and here you have an entirely separate agreement that the consumers are pointing to, and I believe the Feltz decision talks about this, that there's no inaccuracy or duty to investigate when you're talking about compliance with a separate second agreement. If the court has any other questions, I would be happy to answer. If not, I ask the court to affirm and cede the remainder of my time. Thank you. Ms. Jacoby, you're appearing on behalf of the U.S. Chamber of Commerce. You have five minutes. Thank you. May it please the Court, Zoe Jacoby on behalf of the Chamber and the Coalition of Private Amici. I'd like to step back for a minute and talk about the threshold question of what constitutes an inaccuracy under the statute. I want to emphasize that this Court is not writing on a blank slate here. Over and over again in various contexts, this Court has held that the FCRA requires a factual inaccuracy. It's not the same as a legal dispute or a challenge to the validity of a debt if factual inaccuracy. The Court held that in Collin 30 years ago. It reaffirmed it in Loesch when it distinguished between factual inaccuracies and resolving legal disputes, and of course it said it in unpublished and not precedential but still like Batterman and Hunt. In Loesch, we say to be sure a reasonable investigation does not require credit reporting agencies to resolve legal disputes about the validity of the underlying debts. Obviously, there are different statutory provisions dealing with furnishers and credit reporting agencies. Are you saying because the statutory provisions are similar, we should view them in a similar light? Not just similar but identical, and that's exactly what I'm saying. The two provisions use the same language, inaccuracy, and I think it would be very strange. It's a kind of classic principle of statutory interpretation. You see the same word in the statute, you interpret it the same way. Historically, context here confirms that that's right. Congress added the furniture provision in 1996, 20 years after it had added the CRA provision. It seems very odd to think that Congress would have wanted a different regime to apply to furnishers and yet it used the same language that it used 20 years ago. The key, though, seems to be the unresolved part. In other words, I agree with the premise, I have to agree with the premise, but the key, it seems to me, is what is unresolved? What gets us to whether something is inaccurate or not? Now, you started by talking about we've defined accuracy. It seems to me that Erickson defined the exact terms that we're talking about here, and Erickson defined inaccurate as free from mistake or error, defined accuracy to be free from mistake or error, and, quote, free from a misunderstanding of meaning or implication not deriving from truth or accuracy, being the definition of inaccurate. That seems to be the framework in which we're determining whether something is unresolved or resolved. In other words, is it free of error or mistake and we make a determination without mistake or error, or is it something that just can't be determined right now because of the state in which it's in? Do I have that wrong? I think that's basically right. I mean, Loesch puts color on the free from mistake thing and tells you that it has to be free from factual mistake because Loesch repeatedly says factual inaccuracy is required under the statute. In terms of what constitutes an unresolved dispute, I do actually think that until you have the judgment in hand from, you know, you went out to state court, you sought the declaratory judgment as to your debt. How can that be right? I mean, there's a million, it's hard to come up with examples, but there are a million examples where legal issues are just so clearly resolved without a resolution in the case you have right before you, right? I don't actually think that's necessarily true. I mean, take this case, for example. If you just look to the fact that a different, you know, at one point in time, one state court had held that this contract should be interpreted a particular way. If you were to say, oh, well, that means the question's resolved, you wouldn't give credence to the fact that, you know, a couple of years later, courts come out the other way. Agreed, but okay, let's take that same hypothetical and the one Judge Branch has. Let's say it gets, for whatever reason, the Florida Supreme Court and the Florida Supreme Court on the same language that we have, with essentially the same arguments, makes the call. You're telling me that you'd advise your client based on that to tell someone that debt's still owed? I think that just wouldn't constitute an inaccuracy yet. It wouldn't be factually inaccurate because there would still be some kind of live dispute. Presumably, if it's getting to this court on the FCRA issue, there's a live dispute. There's a reason. There's a way to distinguish that precedent. There's a question whether it's retroactive. I mean, you know, there can be any number of things. Once you have a declaratory judgment in hand, saying, I don't owe this debt anymore, Loesh is clear. It's factually inaccurate to continue to report it. I also want to emphasize, in case that seems harsh, the statute does have another mechanism here. In Collin, this court talked about the, quote, unique remedy of Section 1681IC, where you can go and ask a CRA to make a note in your file that there's a dispute about this. So you could say, you know, please, CRA, make this note that, you know, there's an on-point Florida Supreme Court case. Pretty clearly extinguishes my debt. And a creditor, then, going forward, can look at this and say, okay, yes, it says there's this outstanding balance, but it's really clearly bogus. What about the argument that your opposing counsel makes based on the Fourth Amendment is that, at the very least, there's an obligation for the furnisher to say that there's a dispute because of the sort of uncertain state of the law. Isn't that the obligation to modify based on the reasonable investigation? You know, I don't think so. I mean, if every time you're confronted with a legal dispute, you have to somehow say it's not verifiable or it's disputed, then that seems like any time you present a legal challenge, a challenge to the legal validity of the debt, you get an end run around, you know, the FCRA's threshold inaccuracy requirement. And Collin is clear that that can't be right, although the FCRA has a consumer protectionist bent, not at all costs. Collin says you can't shade every dispute in favor of the consumer because that wouldn't benefit either the consumer or creditors. It would have a jury trial effect over that whole issue. Over the issue of whether there's a set off or some such thing that renders the debt not in full. I didn't mean to cut you off, Judge Chauvat. I completely agree. I think your point that this would be unworkable because you would be pushing to the reasonable investigation prong all kinds of adjudications about just how much. That would be part of that, and so then you get into should have consulted a hundred lawyers on that point or some such thing. Completely agree that if the question boils down to how much legal research is enough. I'm not concerned about having a jury trial over that kind of an issue. I think that's a very valid concern, that if we push this all to reasonable investigation, the question becomes just how reasonable was their legal research, you know, jury trial, was it enough to have 30 Westlaw searches to find 20 cases? That just doesn't seem the right way to do this when Congress used clear language like inaccuracy to prevent these kinds of challenges to the legal validity of debts being attacked collaterally through the FCRA. So let's just assume for the sake of argument that this court says, yes, you only have to investigate the factual inaccuracy, not legal ones. Then suppose we have a situation with a timeshare and one reports a debt of somebody who's entered into an agreement with Holiday Inn. And the person comes back and says, yeah, I went to the meeting, but I never signed this document, and Holiday Inn says, oh, legal dispute, we can't tell. Then the next person comes in and says, this is so weird, you're reporting that I owe this debt to Holiday Inn, but I never signed it. They start looking, Holiday Inn starts looking at the signatures, they realize they have a rogue agent who has just been signing contracts. Is Holiday Inn, say there are three of them, four of them, is Holiday Inn able to throw its hands up and say, hmm, legal dispute as to whether each of these individuals is legally obligated under this contract, and we don't have to make that determination? I mean, I think it could try, but this court and district courts are pretty deft at distinguishing between what's truly a factual issue and what's a legal issue. And people may try to disguise a legal issue as a factual issue or raise frivolous legal arguments or something like that, but courts are quite experienced and skilled at distinguishing between fact and law. My friends on the other side say that's some kind of impossible task, but that's something courts do all the time. So a furnisher might come forward and try to couch something as a legal dispute, but I just don't think it's going to present the difficulties that the other side says it will. And indeed, it hasn't presented those difficulties in the many years that courts around the country, including this one, have drawn that distinction between factual inaccuracies and legal disputes. I see that my time has long expired, so if there are no further questions, we'd ask that this court affirm. Thank you. And, Mr. Friedman, you have three minutes. I'd like to make four points, if I can. The first is to pick up on this idea of the unique remedy that the FCRA provides, and this is very important. If we put this idea of unresolved legal issues into the term inaccuracy, we lose that unique remedy. 1681IA only requires a reinvestigation if a consumer disputes the accuracy of the report. So if you say this isn't an accuracy issue, then if we never get, I mean, first of all, they can just throw it in the trash, and second, we never get that opportunity under 1681IB to put in our own statement of dispute. All of this falls apart if you put this in the threshold accuracy bucket. The second point I'd like to make is that Loesch actually wasn't that clear, and this shows how amorphous the legal dispute concept is. In Loesch, there was a bankruptcy discharge order, but the issue there was that the consumer had attempted to reaffirm a debt and then rescinded past the statute of limitations for rescinding a reaffirmation, and everybody was confused about whether the bankruptcy discharge order actually applied to that debt. That's why there was litigation over it. You look at the briefing or the oral argument in that case, you'll see the confusion, but in the end, what the court said, and Judge Branch, you made this point, was that a reasonable investigation doesn't require a credit reporting agency like Experian to make that assessment. That's the reasonable investigation bucket where we think this all belongs, and even if you take that dicta on its face and that always applies to CRAs, as my colleague from the CFPB explained, furnishers are very different. They're in the business of collecting debt, and Holiday Inn Club is going to want to know and investigate, no matter what, whether its debt instruments are valid. The third point I'd like to make goes to this idea of can anything be disguised as legal or factual, and I think the answer is yes, and the Second Circuit's decision in CESA shows that. In CESA, the consumer had a car lease, and the lease term said at the end of the lease period, you'll have the option to purchase this for $17,000. It was instead reported as a $17,000 debt, and that was construed as a legal dispute because it required looking at the interpretation of the contract's terms, and the chamber advancing the same position that my friends advance now said that that was correct and it should be affirmed. Those are the sort of false reports that are going to remain in people's credit reports if that position is adopted. The last point I'd like to make is Judge Luck, just to respond to your question to my colleague. I think the reason she might have been struggling is because we're at summary judgment here, so we're not at a motion to dismiss, and the record here, again, it wasn't brief, but the record shows that all they did was, all Holiday Inn Club did was look at their essentially Excel spreadsheet and say, oh, we have the right consumer, the right amount. They didn't look at the contract. Is there an affidavit which says that they conducted a reasonable investigation? Not to my knowledge, but certainly not in the record on appeal, and again, it wasn't – they did not move for summary judgment on reasonable investigation. As I read the briefing, they moved on there being no inaccuracy at issue and on an alternative basis that even if there is an inaccuracy at issue, they were correct. Thank you. We have your case under advisement. Thank you. Our next case is